UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICKY A. FULLER and THERESA A. FULLER,

              Plaintiffs,

      v.                                    DECISION AND ORDER
                                                          07-CV-0330A(M)

SUMMIT TREESTANDS, LLC,

              Defendant.

**INTRODUCTION**

          In this action, plaintiff Ricky A. Fuller claims that he was seriously injured when a treestand manufactured by the defendant Summit Treestands, LLC ("Summit"), collapsed while he was using it to hunt. Fuller and his wife, co-plaintiff Theresa A. Fuller, claim that the treestand was defective and seek damages for their injuries. The case was originally commenced in New York State Supreme Court, Erie County, and was removed to this Court on May 22, 2007. The case was referred to Magistrate Judge Jeremiah J. McCarthy for all pretrial proceedings, pursuant to 28 U.S.C. § 636(b)(1), on May 30, 2007.

          On February 13, 2008, the plaintiffs filed a motion to compel Summit, whose principal place of business is located in Decatur, Alabama, to produce its corporate representative for a deposition in Erie County ("Buffalo"), New York. Plaintiffs' counsel states that plaintiff Ricky Fuller wishes to personally attend

such deposition, but traveling to Alabama would cause him financial hardship. On March 1, 2008, Magistrate Judge McCarthy filed a Decision and Order, grating the motion to compel on the condition that the plaintiffs stipulate that the reasonable expenses associated with taking the deposition in Buffalo be taxed as costs to be awarded to the prevailing party.

On March 11, 2008, Summit filed objections to the Magistrate Judge's Decision and Order. Plaintiffs filed a response to the objections on May 6, 2008, and Summit filed a reply thereto on May 12, 2008. Oral argument on the objections was held on July 17, 2008. Plaintiff's counsel, however, did not attend the oral argument.[1]

For the reasons stated herein, the Court reverses that portion of Magistrate Judge McCarthy's March 1, 2008 Decision and Order directing that the deposition of Summit's corporate representative occur in Buffalo.

## DISCUSSION

**A.** *Standard of Review*

Under 28 U.S.C. § 636(b)(1)(A), the Court may reconsider a magistrate judge's order regarding a nondispositive pretrial matter only if such order is "clearly erroneous or contrary to law. "Clearly erroneous"means that

---

[1] The Court received a letter later that day from plaintiffs' counsel explaining that counsel was running late.

"although there is evidence to support [the order], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Easley v. Cromartie, 532 U.S. 234, 242 (2000). "Contrary to law" means that the order "fails to apply or misapplies relevant statutes, case law, or rules of procedure." See S.E.C. v. Cobalt Multifamily Investors I, Inc., 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (citations omitted). The "clearly erroneous or contrary to law" standard does not allow a district court to reverse a magistrate judge's order simply because it "would have decided the case differently." See Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).

B. *Magistrate Judge's Order is Clearly Erroneous and Contrary to Law*

Where a plaintiff seeks to take a deposition of a defendant's corporate representative, there is a general presumption that the deposition will take place at the corporation's principal place of business. See Buzzeo v. Bd. of Educ., Hempstead, 178 F.R.D. 390, 392 (S.D.N.Y. 1998) (citations omitted). The basic rational behind this presumption is that because the plaintiff brought the lawsuit and had first choice as to the forum, while the defendant did not come before the court through choice, the plaintiff must bear any reasonable burdens or inconvenience associated with the action. See id. (citations omitted). Thus, plaintiffs cannot normally complain if they must take depositions and perform

discovery far away from the forum. See Work v. Bier, 107 F.R.D. 789, 792 & n.4 (D.D.C. 1985).

To overcome this presumption, the plaintiff must demonstrate exceptional or "peculiar" circumstances weighing in favor of the corporate representative's deposition being held in an alternate location. See Morin v. Nationwide Fed. Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005) (citations omitted). The plaintiff can prove exceptional circumstances "by a showing that [the] factors of cost, convenience, and litigation efficiency mitigate in favor of holding the deposition" elsewhere. See Devlin v. Transp. Commc'ns Int'l Union, 95 Civ. 0752 JFK JCF, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000).

Here, the Magistrate Judge found that the factors of cost, convenience and litigation efficiency did not weigh in favor of conducting the deposition in Buffalo rather than Alabama. The Court agrees.

Nevertheless, the Magistrate Judge directed that the deposition be held in Buffalo because Summit would be better able to bear the costs of travel. The Court finds that this order is clearly erroneous and contrary to law.

First, a claim of financial hardship, taken alone, does not demonstrate exceptional circumstances sufficient to overcome the presumption. See General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D. Mo. 1979). If it were sufficient, then the exception would swallow the rule in every case involving an individual plaintiff and a corporate defendant.

Second, plaintiff has failed to present any evidence supporting his claim of financial hardship. He has not offered his own affidavit to such effect nor has he presented any other financial information. All he has offered is a bald assertion by his attorney in an attorney affidavit. Summit, on the other hand, has presented evidence that plaintiff earned over $120,000 per year in 2005, 2006 and 2007. Thus, plaintiff has the financial ability to travel to Alabama for the deposition. See Dwyer v. Deutsche Lufthansa A.G., No. CV 04-3184(TCP)(AKT), 2007 WL 526606, at *3 (S.D.N.Y. Feb. 13, 2007) (requiring plaintiff earning $30,000 per year to travel from New York to New Hampshire for deposition of defendant's corporate representative did not impose financial hardship sufficient to overcome presumption).

Finally, plaintiff has failed to show why it is necessary for him to attend the deposition of Summit's corporate representative. Although plaintiff has the right to attend the deposition if he so chooses, there is no requirement that he be present. See Fed. R. Civ. P. 30. In fact, at oral argument, defense counsel represented that when other depositions were recently taken in this case in the Buffalo area, plaintiff chose not to attend.

**CONCLUSION**

For the reasons stated, the Court reverses that portion of Magistrate Judge McCarthy's March 1, 2008 Decision and Order directing that the deposition of Summit's corporate representative occur in Buffalo, and orders that such deposition be held at Summit's principal place of business in Decatur, Alabama.

The case is referred back to Magistrate Judge McCarthy for further proceedings.

SO ORDERED.

                                          s/ *Richard J. Arcar*a
                                          HONORABLE RICHARD J. ARCARA
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

DATED:  May       , 2008