UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICKY A. FULLER and
THERESA A. FULLER,	**REPORT, RECOMMENDATION**
**AND ORDER**
                            Plaintiffs,
07-CV-00330(A)(M)
v.

SUMMIT TREESTANDS, LLC,

                            Defendant.
_____

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. #4). Before me are defendant's motions to preclude the testimony and reports of plaintiffs' liability expert (Dkt. #31) and for summary judgment (Dkt. #35), as well as plaintiffs' cross-motion to extend the deadlines in the Amended Case Management Order (Dkt. #38). The motions were orally argued before me on October 31, 2008.

For the following reasons, I order that defendant's motion to preclude be DENIED and that plaintiffs' motion to extend the deadlines in the Amended Case Management Order be GRANTED, and I further recommend that defendant's motion for summary judgment be DENIED.[1]

---

[1] Although defendant's motion for summary judgment is dispositive, its motion to preclude expert evidence is non-dispositive. See Arnold v. Krause, Inc., 233 F.R.D. 126, 129 n. 1 (W.D.N.Y. 2005) (Arcara, J.) ("Plaintiffs argue that the Court should apply a *de novo* standard of review because the Magistrate Judge's preclusion order had the effect of a dispositive ruling. The Court rejects this argument. Pretrial matters involving discovery are generally considered nondispositive since they do not resolve the substantive claims for relief alleged in the pleadings."). However, if the preclusion motion is deemed dispositive, then my decision on preclusion should be treated as a Report and Recommendation.

## BACKGROUND

This is an action for damages for personal injuries allegedly sustained by plaintiff Ricky Fuller on November 13, 2005 as a result of an allegedly defective tree stand manufactured by defendant (Complaint (Dkt. #33, Ex. F), ¶¶ 9-10). The current motions arise from plaintiffs' failure to timely disclose their liability expert.

The original Case Management Order, entered following a meeting with counsel on July 12, 2007, required plaintiffs to furnish expert reports by March 3, 2008, and set July 15, 2008 as the deadline for completion of all discovery (Dkt. #8, ¶¶8, 10). On February 13, 2008, plaintiff moved, *inter alia,* to take the deposition of defendant's corporate representative (Ron Woller) in the Western District of New York (Dkt. #18). Plaintiffs' attorney, John Feroleto, stated that "I planned to depose defendant's corporate representative, Ron Woller who I understood was the lead designer and engineer who designed and was instrumental in the production of the tree stand in question . . . as the information from the design engineer would be useful to plaintiff's expert" (Dkt. #40-2, ¶19). By letter dated February 29, 2008 (copy annexed hereto as Attachment A), Mr. Feroleto's associate, Matthew Becker, requested an extension of the Case Management Order, with the consent of defendant's attorney, Milton Karfis, stating that "a proper expert review and disclosure cannot be completed by the present deadline", due in part to the fact that depositions had not yet been completed.

In a Decision and Order dated March 1, 2008, I ruled that Mr. Woller's deposition could take place in Buffalo, on condition that plaintiffs "stipulate that the reasonable expense for taking Mr. Woller's deposition in Buffalo will become a taxable cost to be awarded to the prevailing party"(Dkt. #23, p. 3). On March 3, 2008 I entered an Amended Case Management Order "at plaintiffs' request and with good cause shown"(Dkt. #24), which extended plaintiffs' deadline for expert disclosure to April 25, 2008, the deadline for completion of all discovery to July 25, 2008, and the deadline for dispositive motions to August 25, 2008 (Id., ¶¶ 2, 4, 6).

On March 11, 2008, defendant filed objections to my March 1 Decision and Order with Judge Arcara (Dkt. #25). On April 23, 2008, Judge Arcara scheduled oral argument of defendant's objections for May 23, 2008 (Dkt. #40-2, ¶12). On May 22, 2008, he rescheduled the oral argument for July 17, 2008 (Id., ¶15). Although plaintiffs did not file their expert disclosures by the April 25, 2008 deadline established by the Amended Case Management Order, defendant timely served the expert disclosures of accident reconstructionist Lorne Smith, Jr. on May 22, 2008 and mechanical engineer George Saunders, Jr. on May 27, 2008 (Dkt. #33, Exs. H-K).

Notwithstanding plaintiffs' failure to disclose an expert, on July 7, 2008 Mr. Karfis served a notice to take the deposition of plaintiffs' undisclosed expert on July 15, 2008 (Dkt. #44-7). Mr. Feroleto responded by letter dated July 10, 2008, stating that he "would be unable to schedule an expert deposition on July 15" (Dkt. #44-8).

On August 1, 2008, Judge Arcara partially reversed my March 1, 2008 Decision and Order, and directed that the deposition of Mr. Woller should take place in Alabama (Dkt. #30). Defendants filed their motions for preclusion and summary judgment on August 20 and 21,

2008 (Dkt. ##31, 35). Mr. Feroleto claims that, due to a miscommunication with his associate, he did not learn of Judge Arcara's decision until defendant served its motion for summary judgment (Dkt. #40-2, ¶¶ 29-30). On September 5, 2008, plaintiffs served the report of their expert, Alden Gaudreau (Dkt. #40-7), followed on September 22, 2008 by a motion to further extend the deadlines of the Amended Case Management Order and in opposition to defendant's motion for summary judgement (Dkt. #40).

## DISCUSSION AND ANALYSIS

A.   **Preclusion of Plaintiffs' Expert**

Plaintiffs concede that they failed to disclose their expert by April 25, 2008, the deadline imposed by the Amended Case Management Order. Although preclusion of evidence is among the sanctions which may be imposed for violation of a party's discovery obligations, it is not mandated in every case. Fed. R. Civ. P. ("Rules") 16(f) and 37(c) provide for a number of sanctions, of varying severity, from imposition of costs to preclusion of evidence or striking pleadings.

Thus, "even absent a finding of either substantial justification or harmlessness, the court does have discretion to impose other, less drastic, sanctions", rather than precluding evidence. Lorme v. Delta Airlines, Inc., 251 Fed. Appx. 691, 692 (2d Cir. 2007) (Summary Order); Design Strategy, Inc. v. Davis, 469 F.3d 284, 297-98 (2d Cir. 2006). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988).

"Preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations." Arnold, supra, 233 F.R.D. at 130. "In determining whether preclusion of testimony is warranted, courts are required to consider the following factors: (1) the party's explanation for the failure to comply with the disclosure order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Id. (citing Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F. 3d 955, 963 (2d Cir. 1997), cert. denied, 523 U.S. 1020 (1998)). Accordingly, each of these factors will be considered:

1.   **Plaintiffs' Explanation for Failing to Meet the Disclosure Deadline**

Although counsel should not have to be reminded that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril", Eng-Hatcher v. Sprint Nextel Corp., 2008 WL 4104015, *1 (S.D.N.Y. 2008) (Fox, M.J.), it appears that *neither* side in this case strictly adhered to the deadlines of the Amended Case Management Order. For example, while that Order called for the completion of fact depositions by March 28, 2008 (Dkt. #24, ¶1), on March 20, 2008 Mr. Karfis wrote to Mr. Feroleto, confirming that "you have no objection to conducting [Bruce] Curvin's deposition after that date"(Dkt. #40-3). Mr. Curvin's deposition was not taken until July 16, 2008, nearly four months after the deadline for completion of fact discovery (albeit prior to the deadline for completion of all discovery) (Dkt. #44, ¶13).

Mr. Feroleto argues that "it was clear and undisputable that we needed a new scheduling order as we awaited Judge Arcara's ruling . . . . [which] was not made until after the cut-off date of the amended scheduling order" (Dkt. #46, ¶7). It appears from the record that not only Mr. Feroleto, but Mr. Karfis as well, recognized the likelihood that the deadlines of the Amended Case Management Order would eventually be extended once again, in view of the unresolved dispute over the location of Mr. Woller's deposition.

Were that not the case, there would have been no reason for Mr. Karfis to serve a notice on July 7, 2008 seeking to take the deposition of plaintiffs' expert on July 15, 2008 (Dkt. #33, Ex. D), since the deadline for disclosure of plaintiffs' experts under the Amended Case Management Order had expired over two months earlier. Instead, Mr. Karfis told his experts to "give me some generalized opinions and when they [plaintiffs] finalize their opinions, you could respond to them".[2] This is corroborated by the report of defendant's expert, L. J. Smith, who states in his May 19, 2008 report that "Plaintiff's expert has not submitted a report, and I reserve the right to comment on his report once I have reviewed it" (Dkt. #44, Ex. J, p. 3).

While it certainly would have been preferable for Mr. Feroleto to have moved for a further extension of the Amended Case Management Order deadlines pending Judge Arcara's decision on defendant's objections to my March 1, 2008 ruling, I conclude that his failure to do so was the product of oversight rather than the type of behavior warranting the drastic sanction of preclusion, which "should be imposed only . . . when the failure to comply with a court order

---

[2] Quoted from the digital recording of oral argument on October 31, 2008 (Dkt. #48).

is due to willfulness or bad faith, or is otherwise culpable." <u>Izzo v. ING Life Insurance and Annuity Co.</u>, 235 F.R.D. 177, 186 (E.D.N.Y. 2005).[3]

### 2. Importance of Expert Testimony to Plaintiff's Case

While it is debatable whether plaintiffs' claims could survive the preclusion of expert testimony,[4] even defendant "does not dispute that the testimony of Plaintiffs' expert is important" (Dkt. 45, p. 9). See <u>Foca v. Sears Roebuck & Co.</u>, 1989 WL 106951, *2 (E.D.Pa. 1989) ("products liability actions usually center on expert testimony").

### 3. Prejudice Suffered by Defendant

Defendant argues that plaintiffs' belated expert disclosure, it "will be required to hire two new experts and re-litigate much of this case .... which would cost defendant extensive time, money and resources" (Dkt. #45, p. 10). However, during oral argument, Mr. Karfis acknowledged that his experts had already examined the tree stand and begun to formulate their opinions *prior* to the deadline for plaintiffs' expert disclosure (the following colloquy is quoted from the digital recording of oral argument):

---

[3] Defendant points out that "there is absolutely no reference in the Plaintiffs' expert report that the deposition of Mr. Woller was necessary in order for him to finalize his opinions" (Dkt. #45, p. 8). Be that as it may, I credit Mr. Feroleto's statement that he believed Mr. Woller's testimony would be *useful* to his expert (Dkt. #40-2, ¶19), and that he was awaiting that deposition before finalizing his expert disclosure.

[4] At oral argument, Mr. Feroleto claimed that the affidavit of plaintiff Ricky Fuller (Dkt. #40-12) is sufficient to create a genuine issue of material fact as to the product's defect, even absent expert testimony. See also <u>Arnold</u>, supra, 233 F.R.D. at 130-31 ("although expert testimony would certainly be helpful in establishing plaintiffs' product liability claims, it is not essential"). In view of my denial of the preclusion motion, I need not decide whether the claim could otherwise survive.

| | |
|---|---|
| THE COURT: | "Once April 25th came and went without the plaintiff having disclosed his expert information at that time, you didn't have to retain your own experts, once April 25th came, you could have brought a motion at that time and said, 'well the deadline is expired and the plaintiff has no expert testimony or expert opinion to offer because it would be untimely and therefore, we are entitled to summary judgment' before you even retained your expert, had your experts furnished reports, isn't that true? |
| MR. KARFIS: | In part, yes, but here's the problem. As my experts had already been retained, we had already examined the products and already had their opinions, at that point, preliminary opinions regarding the treestand itself. So that was examined well before that deadline. |
| THE COURT: | So you had that done before the deadline for plaintiffs' disclosure? |
| MR. KARFIS: | My experts had looked at it, yes. |
| THE COURT: | And you had a preliminary opinion from them? |
| MR. KARFIS: | Well, I guess preliminary meaning yeah, they looked at it and that's what they based their expert reports on. You're well aware in these cases, plaintiff submits their expert opinions, my experts are going to have their opinions, and they kind of respond to the plaintiff. |
| THE COURT: | I understand. |
| MR. KARFIS: | In this case, my experts just said, well how - you don't have any expert reports - I said well, I expect to get those soon, so why don't you do your reports, we will do it timely and just give me some generalized opinions and when they finalize their opinions, you could respond to them. That didn't happen until September." |

As stated in their reports (Dkt. #33, Ex. H, J), both of defendant's experts examined the tree stand and began to formulate their opinions on November 27, 2007, whereas even under the original Case Management Order, plaintiffs' deadline for expert disclosure was not until March 3, 2008 (Dkt. #8, ¶8). Therefore, any "prejudice" which defendant may have

sustained results not from plaintiffs' *belated* expert disclosure, but from the fact that defendant instructed its experts to formulate their opinions without awaiting plaintiffs' disclosure.

### 4. Possibility of a Continuance

"The possibility of continuance does not pose a problem because no trial date has been set in this case." Brenton v. Consolidated Rail Corp., 2006 WL 1888598, *4 (W.D.N.Y. 2006) (Elfvin, J.).

Having considered the foregoing factors, and mindful that "even in the face of missed deadlines, excluding expert testimony can frustrate the Federal Rules' overarching objective of doing substantial justice to litigants", Sealed Plaintiff No. 1 v. Sealed Defendant No. 1, 221 F.R.D. 367, 369 (N.D.N.Y. 2004), I conclude that the drastic sanction of preclusion is not warranted in this case.

### B. An Appropriate Sanction

The fact that preclusion is not warranted does not mean that plaintiffs' failure to adhere to the deadlines imposed by the Amended Case Management Order should have no consequences whatsoever. As a reminder that scheduling orders are not totally meaningless, I will impose a "less drastic" sanction (Lorme, supra, Outley, supra), in the form of "plaintiff reimbursing the defendant for the costs incurred in connection with the now obsolete motion" for summary judgment. Michael Grecco Photography, Inc. v. Everett Collection, Inc., 2008 WL 4580024, *3 (S.D.N.Y. 2008) (Francis, M.J.).

However, because it does not appear that plaintiffs themselves are responsible for the failure to timely disclose their expert, the sanction should be paid by Mr. Feroleto. *See* Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980) ("both parties and counsel may be held personally liable for expenses . . . to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent").

Mr. Karfis shall submit an itemization of his time and expenses in connection with the summary judgment motion on or before November 21, 2008. Mr. Feroleto may respond to that submission on or before December 3, 2008, and the matter will thereafter be taken under advisement.

## C.   Modification of the Amended Case Management Order

Rule 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent". Although "a finding of 'good cause' depends on the diligence of the moving party", Parker v. Columbia Pictures Industries, 204 F. 3d 326, 340 (2d Cir. 2000), that "is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing [modification] will prejudice defendants." Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).[5]

---

[5]  In light of Kassner, the continuing validity of this court's earlier holding that "a showing of 'good cause' requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension' . . . . the absence of prejudice . . . does not fulfill the 'good cause' requirement" (Carnrite v. Granada Hospital Group, Inc.,175 F.R.D. 439, 446 (W.D.N.Y. 1997) (Arcara, J./Foschio, M.J.)) is questionable.

For reasons previously discussed, I conclude that the deadlines imposed by the Amended Case Management Order should again be amended. At oral argument on October 31, 2008, I asked the parties to submit proposed deadlines to me by November 7, 2008. Plaintiffs have done so (Dkt. #49, Ex. A), but defendant has not. As the deadlines proposed by plaintiffs appear to be reasonable under the circumstances, they will be incorporated into a Second Amended Case Management Order.

### D.   Summary Judgment

In moving for summary judgment, defendant argues that "without any expert opinions or testimony, the Plaintiff is unable to establish any type of product liability claim against the Defendant" (Dkt. #43, p. 3). Since I have denied defendant's motion to preclude plaintiffs' expert evidence, I recommend that defendant's motion for summary judgment likewise be denied, without prejudice to renewal on another ground.

### CONCLUSION

For the foregoing reasons, I:

(1) ORDER that defendant's motion to preclude (Dkt. #31) is DENIED, on condition that plaintiffs' attorney pay the costs of defendant's summary judgment motion;

(2) ORDER that plaintiffs' motion to extend the deadlines in the Amended Case Management Order (Dkt. #38) is GRANTED (a Second Amended Case Management Order incorporating the deadlines proposed by plaintiffs (Dkt. #49, Ex. A) will be entered separately); and

(3) RECOMMEND that defendant's motion for summary judgment (Dkt. #35) be DENIED, without prejudice to renewal on another ground.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning

<u>objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED**.

Dated: November 12, 2008

/s/ Jeremiah J. McCarthy
_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

# ATTACHMENT A

# JOHN FEROLETO

**JOHN P. FEROLETO**
**MATTHEW M. BECKER**

LAW CLERK
CHRISTINE VOGEL

LEGAL ASSISTANTS
MARA DAWDY
TRISHA SCOTT

February 29, 2008

**VIA FACSIMILE (716) 362-9355**

Matthew Yusick, Law Clerk to
Magistrate Judge Jeremiah J. McCarthy
United States District Court
Western District of New York
68 Court Street, Room 424

      RE:    **Fuller vs. Summit Treestands**
            Case No.:   7-CV-330

Dear Mr. Yusick:

    Please allow this correspondence to confirm our conversation on February 27, 2008. As we discussed, the present case management order requires us to disclose expert information by Monday, March 3, 2008. As you are aware, we presently have an outstanding Motion to Compel Discovery Responses. Furthermore, we still have defense depositions yet to be completed. In light of the same, a proper expert review and disclosure cannot be completed by the present deadline. Per your instruction, please allow this correspondence to serve as my request for an extension of time to serve our expert information in lieu of formal motion practice before the Court. I also spoke with Mr. Karfis on February 27, 2008 and he is agreeable to any extensions provided by the Court.

    Thank you for your prompt attention to this matter. Of course, if you have any questions please do not hesitate to contact me.

Very truly yours,

MATTHEW M. BECKER

MMB/mnd
Cc:   Milton S. Karfis, Esq.

1220 LIBERTY BUILDING
424 MAIN STREET
BUFFALO, NEW YORK 14202

PHONE (716) 854-0700 * FAX (716) 854-0265
*not for service